IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM McNEAL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv482 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner William McNeal, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McNeal was convicted of the disciplinary violation of refusing to accept a housing assignment, for which he received punishments of 30 days of cell and commissary restrictions and seven days of solitary confinement. He did not lose any good time and is not eligible for release on mandatory supervision. He complains that he received ineffective assistance from his counsel substitute, the case was not properly investigated, the evidence was insufficient to support a conviction, and he was found guilty solely on the statement of the charging officer without any corroboration.

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed. The magistrate judge determined that McNeal did not show that any of the punishments imposed on him infringed any constitutionally protected liberty interests. Sandin v.

Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). As a result, McNeal did not set out a cognizable claim for habeas corpus relief. Toney v. Owens, 779 F.3d 330, 336 (5th Cir. 2015). The magistrate judge further recommended that McNeal be denied a certificate of appealability *sua sponte*.

In his objections, McNeal argues that his constitutional rights were violated and that he has exhausted his state remedies by filing Step One and Step Two grievances. He concedes that he is not eligible for mandatory supervision but states that he is eligible to make parole if he follows policy.

The magistrate judge correctly determined that none of the punishments imposed upon McNeal implicated any protected liberty interests. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (punishments such as cell and commissary restrictions which do not implicate liberty interests do not raise due process concerns). The Fifth Circuit has held that there is no constitutionally protected liberty interest in making parole in the State of Texas. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Because McNeal lacks a liberty interest, his due process claim must fail. Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995); *see also* Arnold v. Cockrell, 396 F.3d 277, 278 (5th Cir. 2002). McNeal's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner William McNeal is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 28th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE